In re Charles & Carol MORELOCK, Debtors.

Charles Rease MORELOCK, et al., Plaintiffs,

v.

ALL PHASE ELECTRIC SUPPLY CO., Defendant.

Bankruptcy No. 83–0166.
Related Case 82–01437.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 8, 1985.

Timothy C. Hamman, Lima, Ohio, for plaintiffs-debtors.

David Cheney, Lima, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Debtor's Motion to Cancel Judgment Liens and the Defendant's Objection thereto. The parties have agreed that the issues addressed by this Motion are primarily issues of law and that the Court may render a decision on those issues based upon the arguments of counsel. The parties have each submitted such arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Cancel Judgment Liens should be GRANTED.

## FACTS

The facts in this case are not in dispute, inasmuch as a finding of facts was previously made in an Order of this Court dated November 21, 1983. In that decision, *Morelock v. All-Phase Electric Supply Co. (In re Morelock)*, 35 B.R. 581 (Bkcy.N.D.Ohio 1983), the Court held that the Debtor was entitled to avoid certain judicial liens against his residential real estate pursuant to 11 U.S.C. § 522(f), despite the fact that the amount of prior unavoidable mortgages exceeds the value of the property. In accordance with that decision, the judgment liens were Ordered avoided. However, a question has arisen as to the efficacy of that Order. Specifically, the question is whether, upon avoidance under 11 U.S.C. § 522(f), a lien is void, or whether it is merely subordinated to the debtor's exemption. This question arises as a result of the fact that the property in question is not to be abandoned from the estate and is not to be subjected to foreclosure.

## LAW

It is well established that a debtor may exercise the authority of 11 U.S.C. § 522(f) regardless of his equity position in that property. *See, Morelock v. All-Phase Electric Supply Co.,* supra. However, there does not appear to be any prior decisions on the issue presently before this Court. If, unlike the case *sub judice,* the property was to be sold, the issue would be moot, inasmuch as it appears that the proceeds of that sale would be insufficient to satisfy all unavoidable claims against the property. However, having made agreements to pay the mortgagees, the Debtor argues that the liens should be held as void and that his equity should be allowed to begin to accrue as the mortgagees are paid. In anticipation that the Debtor will acquire equity in the property, the Defendant argues that the judgment liens are merely subordinated to the Debtor's equity and should "re-attach" to the property in the event that the Debtor's equity grows beyond the value of his exemption.

The provisions of 11 U.S.C. § 522(f) state in pertinent part:

"... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ..."

It is well settled in both legislative history and succeeding case law that the purpose of this section is to promote a debtor's opportunity for a fresh start. See, S.Rep.

No. 989, 95th Cong., 2d Sess. 76, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5862, *Farmers & Merchants Bank of Boones Mill Virginia v. Boyd (In re Boyd)*, 11 B.R. 690 (Bkcy.W.D.Va.1981).

■ By allowing a debtor to avoid liens which otherwise encumber his "grubstake" possessions, the Code allows a debtor to begin his fresh start without having to do so from a totally penurious state. As stated in *Chesanow v. W.H. Squire Co., Inc. (In re Chesanow)*, 25 B.R. 228 (Bkcy.D. Conn.1982), the question raised by 11 U.S.C. § 522(f) is whether the exemption of an interest is impaired by a judicial lien when other unavoidable liens exceed the fair market value of the property. In that decision, the Court indicated that such judicial liens impair the debtor's right to make payments on the contract with the mortgagees and to accumulate equity in his residential property. Therefore, since the debtor was free to reaffirm the debt with the mortgagees, he had an interest in the property which could be used as an exemption for the purposes of 11 U.S.C. § 522(f). Although not referred to in that decision, the debtor would also find an exemptable interest in his title to that property. *See, Matter of Lewis*, 38 B.R. 113 (Bkcy.S.D. Ohio 1984).

■ It appears that the Defendant's arguments rest on the assertion that the liens should be allowed to linger until such time as the Debtor develops some equity in the property. However, as recognized in *Holtgrieve v. Lowther (In re Lowther)*, 33 B.R. 586 (Bkcy.N.D.Ohio 1983), a debtor is entitled to a degree of finality as to what debts will and will not be discharged. With few exceptions, the Bankruptcy Code fixes the rights of the debtor and his creditors as of the time the petition is filed. This policy is intended to promote the purpose of a fresh start by allowing the debtor to go forward without the burdens of the past and with knowledge of what obligations are still owed. In the present case, it is foreseeable that the Debtor's acquisition of equity in the property will require a significant amount of time to achieve. Allowing the liens to remain intact until some uncertain time in the future would frustrate the "fresh start" objective and the Debtors right to a finality of these proceedings.

■ Furthermore, it appears that the obligations underlying the judgment liens would, if not reduced to judgment, have been unsecured debts. It goes without saying that the "fresh start" policies of the Bankruptcy Code are intended to relieve a debtor from the obligations of such debts. In this regard, it is noteworthy that 11 U.S.C. § 522(f) protects the liens taken in purchase-money transactions. The apparent intent behind this protection is to promote purchase money lending. Beyond that exception, however, it appears that the provision contemplates that a debtor be able to remove, as against his basic household possessions, liens which secure non-purchase money debts. Such debts, subsequent to a lien avoidance, would be converted to an unsecured claim, the type of claim from which the Bankruptcy Code allows relief. Inasmuch as the Bankruptcy Code ordinarily preserves the effects of a creditor's security interest, it would follow that provision of lien avoidance capabilities was intended to allow a debtor to convert a debt secured by a judicial lien to a dischargeable unsecured debt when the lien impairs his exemptable property. Accordingly, it must be concluded that the liens in question must be held as void.

■ It should be pointed out that this conclusion does not negate the obligation underlying the lien. A creditor whose secured claim is determined to be more than his interest in property of the estate receives an unsecured claim for the portion of his claim which exceeds his interest. 11 U.S.C. § 506(a). If a judgment creditor's lien has been avoided, his secured claim would not be recognized however, he would have a valid unsecured claim and would participate in any distribution of estate dividends.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or

not they are specifically referred to in this Opinion.

It is ORDERED that the Defendant's Objection be, and is hereby, OVERRULED.

It is FURTHER ORDERED that the Debtor's Motion to Cancel Judgment Liens be, and is hereby, GRANTED.