In re Fred R. BLEVINS, Cathy Lynn Blevins, Debtors.

Fred R. BLEVINS, et ux., Movants,

v.

The BANK OF MARION, Respondent.

Bankruptcy No. 7–85–00476–A.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Sept. 12, 1985.

John M. Lamie, Abingdon, Va., for debtor/movants.

Donald G. Hammer, Marion, Va., for respondent.

Robert E. Wick, Jr., Bristol, Va., Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether the Debtors may avoid a judgment lien of the Bank of Marion against their real estate so that their Homestead exemption will be preserved under 11 U.S.C. § 522(f).

The facts, as stipulated by the parties and appear from pleadings, are as follows. The Debtors own a house and lot of approximately one (1) acre in Smyth County, Virginia, valued in the pleadings at $34,-000.00. The property is subject to a Deed of Trust held by the Bank of Marion dated October 18, 1977 and recorded in the Clerk's Office of the Circuit Court of Smyth County. The Deed of Trust expressly states that Homestead and all other exemptions are waived. The Bank has a secured claim against the property based on the Deed of Trust in the amount of $26,959.08, plus nine per cent (9%) interest from July 14, 1984.

The Bank also has a judgment lien against the Debtors in the amount of $3,293.71, plus 16.73% interest from July 30, 1984 and attorney's fees. The lien is docketed in the Clerk's Office of the Circuit Court of Smyth County.

On April 19, 1985, the Debtors filed in the Circuit Court of Smyth County two (2) Homestead Deeds claiming exemption in the amount of $3,750.00 each in their respective one-half equity interests in their real property pursuant to *Virginia Code* § 34–4 (1984). The Debtors filed a joint Chapter 7 petition in this Court on April 25, 1985. They have moved this Court for avoidance of the judgment lien of the Bank of Marion under § 522(f) to preserve their Homestead exemption.

Section 522 of the Bankruptcy Code deals with exemptions from property of the estate. Section 522(f) states in part that:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under sub-section (b) of this section, if such lien is—

(1) a judicial lien; . . . ."

Section 522(f) allows the debtor to avoid the fixing of certain liens to the extent that such a lien impairs an exemption he would be entitled to under § 522(b). 3 *Collier on Bankruptcy*, § 522.29[1] at 522–80 (15th Ed.1985). Section 522(b) allows the debtor to elect to exempt property from property of the estate under either the federal scheme in § 522(d) or under state or local law applicable on the date of the filing of the petition. Virginia having opted out of the federal exemptions, debtors are entitled to state exemptions.

In this case, the Debtors had apparently waived their Homestead exemption in the note upon which judgment was entered. Despite this waiver, § 522(f) allows the Debtors to claim the Homestead exemption they are entitled to under state law. *See Virginia Code* § 34–4 (1984). The judgment lien the Bank of Marion holds qualifies as a judicial lien under § 522(f)(1). 3 *Collier on Bankruptcy*, § 522.29[1] at 522–82 (15th Ed.1985). Thus, under the language of § 522(f), the Debtors may avoid the Bank's judgment lien on their property to the extent that it impairs their Homestead exemption.

Counsel for the Bank of Marion contends that even if § 522(f) allows the Debtors to claim an exemption, any post-petition equity accruing in the property over and above such exemption must remain subject to the judgment lien. Under the Bank's approach, the Debtors could claim their exemption, but any post-petition additional interest they accrue in the property would go to satisfy the judgment lien for $3,293.71 plus interest and attorney's fees. This approach is contrary to the interpretation of § 522(f).

When the Debtor avoids the fixing of a lien pursuant to § 522(f), the lien is avoided to the extent of the exemption. 3 *Collier on Bankruptcy*, § 522.29[1] at 522–81 (15th Ed.1985). No equity exists in this case above the Deed of Trust and the combined $7,500.00 Homestead exemption claimed by the Debtors. By claiming this exemption, the total equity amount is absorbed and there is no equity after avoid-ance to which the Bank's lien may still attach. This is *not* an instance where the value of the lien is greater than the amount exempted, in which case the creditor *is* allowed to enforce its lien for the excess amount, assuming that the judgment lien is not otherwise avoidable. Thus, the Bank's contention that any additional debtor equity accruing post-petition in the property in excess of the claimed exemption be used to satisfy the judgment lien is erroneous, as this is after-acquired property. *See* 11 U.S.C. §§ 551 and 552; 4 *Collier on Bankruptcy*, § 552.01 (15th Ed.); *Local Loan v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

Since no equity exists upon which the judgment lien attaches over and above the exemptions, the judgment is a general unsecured claim and, hence, discharged in this case. It does not survive to attach to after-acquired property.

Accordingly, it is

### ORDERED

that the motion of the Debtors, Fred R. and Cathy Lynn Blevins, seeking avoidance of the judgment lien against their property and allowing for the Homestead exemption is GRANTED.

In light of this decision, it is further

### ORDERED

that Counsel submit an Agreed Order in reference to the other Motion currently before this Court.