In re Chris B. McMASTER and Katharine D. McMaster, his spouse, individually and doing business as Temple Creek Livestock, Debtors.

Bankruptcy No. 85–00186E.
Motion No. 85–120E.

United States Bankruptcy Court
W.D. Pennsylvania.

Nov. 22, 1985.

Robert W. Parker, Erie, Pa., for debtors.

James D. McNamara, Erie, Pa., Trustee.

Bruce Johnson, Meadville, Pa., for Mattocks Five, Inc.

## MEMORANDUM OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

The Debtors have filed a Motion to Subordinate and/or Avoid Liens Impairing Exemption Claims. A hearing has been held and the only issue appears to be the value of the farm residence of the Debtors. If the property has a value less than $50,-530.39 (which is the total of the first mortgage, the second mortgage, and Debtors' $7,500 in claimed exemption rights), then there is no equity for subsequent judgment holders, and such subsequent judgment holders will be subject to avoidance of their judicial liens under Bankruptcy Code § 522(f) since the judicial liens would otherwise impair Debtors' exemption rights.

It is admitted that the premises are subject to a first mortgage in favor of Marquette Savings Association recorded September 15, 1978 in Erie County Mortgage Book 1189, page 96. The balance due. on said mortgage was, at the time of the filing of the within bankruptcy, $34,030.39.

The property is also subject to a second mortgage in favor of Abner B. McMaster, et ux, recorded November 20, 1978 at Erie County Mortgage Book 1197, page 257, securing a debt of $9,000, payable without interest, upon which nothing has been paid.

The premises are also subject to a judicial lien, being a judgment in favor of 5 M Milling, a Division of Mattocks Five, Inc., filed February 10, 1984 in the Court of Common Pleas of Erie County, Pennsylvania as of No. 442–J–1984 in the amount of $14,379.73. This is the only judgment lien in issue. Subsequent judgment liens by Marine Bank are subordinate to the 5 M Milling judgment, and, there being no equity over and above the balances due on the valid mortgages and the Debtors' exemptions, must be avoided.

The Debtors claim the sum of $7,500 as the amount of their exemption rights in said residential premises. They are limited to $7,500 because of the fact that they took other exemptions which used up a portion of their larger entitlement.

It is apparent from the above figures that the judgment lien of 5 M Milling, a Division of Mattocks Five, Inc., must be avoided in its entirety unless the property has a value greater than $50,530.39 (i.e., $34,030.39 plus $9,000 plus $7,500 = $50,-539.39).

The Debtors asserted in their pleading that the value ,of the farm residence was $40,000. Their appraisal expert testified that its value was $45,600.

5 M Milling produced an appraisal witness who testified that the value of the property was $57,000.

The property was purchased in 1978 for the sum of $45,000. It did not appear that there had been any improvements on the property since 1978 which would substantially enhance its value. No evidence was forthcoming which would indicate that the property in the vicinity of the residence in question has appreciated significantly since 1978. There was testimony that 1978 was the high point of real estate values and that high interest rates and depressed farm business had had an adverse effect on real estate values in years since 1978. The comparable farm residences produced and testified to by both expert witnesses were properties of a value of less than the $45,-000 paid for the subject property.

The subject property has some 25 acres whereas other properties used for comparison have only 10 acres. The subject property, therefore, might have some additional value because of its increased size. However, there was testimony that Temple Creek, which runs through the property, is subject to flooding and the additional acreage can therefore not be said to assure a higher value.

The opinion that the property was worth $57,000 was supported by the rationale that while the property could not be profitably operated as a farm, it would have enhanced value as a residence because part-time farming would be available. Such a combined use may be possible, but not probable, and achieving such combined use and higher value seems more speculative than real.

For the foregoing reasons, and based upon all of the evidence, the court concludes that the value of the farm residence of the Debtors did not exceed $50,500 at the time of commencement of the proceeding. That being the case, the judicial liens must be avoided in their entirety. It is therefore

ORDERED, ADJUDGED AND DECREED that the judgment lien of 5 M Milling, a Division of Mattocks Five, Inc., filed February 10, 1984 in the Court of Common Pleas of Erie County, Pennsylvania, as of No. 442–J–1984, shall be, and it hereby is, avoided; that the judgment liens of the Marine Bank filed April 16, 1985 in the Court of Common Pleas of Erie County, Pennsylvania as of No. 767–J–1985 and 768–J–1985 shall be, and they hereby are, avoided in their entirety, and the respective judgment creditors shall be, and they hereby are, permanently enjoined and restrained from enforcing or attempting to enforce the aforesaid judgment liens.