In re Marlene Joyce WEST faw Executive Equities, Inc., faw West Wiens Development Corporation, Debtor.

Marlene Joyce WEST, faw Executive Equities, Inc., faw West Wiens Development Corporation, Movant,

v.

Lionel Daniel WEST, Defendant.

Bankruptcy No. SA 85–02283 JR.

United States Bankruptcy Court, C.D. California.

Dec. 22, 1986.

Slate and Leoni, Santa Ana, Cal., for debtor.

John K. York, Orange, Cal., for creditor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The issue before this court is the extent to which the debtor may avoid a judgment lien on the debtor's residence (the "Property"). The judicial lien is held by Lionel Daniel West in the amount of $76,795 (the "West Lien").

The debtor filed a petition for relief under Chapter 7, Title 11, U.S.C., on June 18, 1985 and listed on her schedules the value of the Property at $116,840. Mr. West has not contested this valuation. Therefore, I find that the value of the Property is $116,-840.

The Property is subject to a first deed of trust in the amount of $64,334, which lien has priority over the West Lien. The Property is also subject to second, third and fourth deeds of trust in the amounts of $22,500, $15,000 and $12,881, respectively.

These deeds of trust follow the West Lien in priority. The debtor in her schedules listed her homestead exemption at $1,525.

On May 12, 1986, the debtor filed a Motion to Avoid Judicial Lien pursuant to 11 U.S.C. § 522(f)(1). The parties stipulated to have the matter heard by motion. A hearing was held on December 2, 1986.

Section 522 of the Bankruptcy Code sets forth exemptions from property of the estate. Section 522(f)(1) states in part that:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(1) a judicial lien; ....

In presenting their respective positions, the parties cite a number of cases interpreting § 522(f)(1). Judicial interpretations of § 522(f)(1) vary significantly. I begin my review with the language of § 522(f)(1). It grants the debtor the right to avoid a judicial lien on her exempt property. See *In re Durham*, 33 B.R. 23, 25 (Bankr.D.Tenn.1983); 3 *Collier on Bankruptcy*, ¶ 522.29[1] at 522–80 (15th Ed. 1985). Debtor declared a homestead exemption of $1,525. See Cal.Civ.Proc.Code (West 1983) § 704.730. However, avoidance of a judicial lien under § 522(f)(1) is limited "to the extent that such lien impairs an exemption to which the debtor would have been entitled." When interpreting statutory language, I should give the words their plain meaning unless there is convincing evidence that Congress intended something different. See *Watt v. Alaska*, 451 U.S. 259, 266; 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981).

I do not find such contrary evidence in the legislative history of section 522(f) or other provisions of the Bankruptcy Code. Therefore, I am comfortable in giving section 522(f)(1) its plain meaning. Accordingly, I believe avoidance of a judicial lien is limited by the amount of the exemption because the amount of the exemption es-

tablishes the outside boundary of impairment. See *In re Blevins*, 53 B.R. 74, 75 (Bankr.W.D.Va.1985); *In re Grosso*, 51 B.R. 266, 272 (Bankr.D.N.M.1984); *In re Losieniecki*, 17 B.R. 136, 138 (Bankr.W.D. Penn.1981); *contra In re Braddon*, 57 B.R. 677, 679 (Bankr.W.D.N.Y.1986); *In re McMaster*, 55 B.R. 379, 380 (Bankr.W.D. Penn.1985); *In re Durham*, 33 B.R. 23, 27 (Bankr.D.Tenn.1983). Therefore, any avoidance of the West Lien must be equal to or less than $1,525.

■ However, the debtor claims that the full amount of the West Lien should be avoided. The debtor contends that the "fresh start" principle dictates this result. She cites three cases to support her position: *In re Braddon, supra; In re McMaster, supra; In re Blevins, supra.* In the *Braddon* case, the debtor brought a motion to avoid a judicial lien. The judicial lien creditor objected to avoidance for any amount exceeding the $20,000 homestead exemption. The property's value was $155,000 and it was subject to two mortgages aggregating $148,998. The judicial lien was approximately $139,469. The court used the following three-step process to avoid the judicial lien in its entirety: (1) It ranked the liens on the property in order of their priority; (2) it subtracted the amount of the homestead exemption from the value of the property; and (3) it subtracted all the liens from the remainder from step two in order of priority. *Braddon*, 57 B.R. at 679. All judicial liens which exceeded the remainder in step two were avoided. The court rationalized that this process would permit the future accumulation of equity by debtors and thus insure a fresh start in accordance with the overall purpose of the Bankruptcy Code. Id.

Applying this approach to the case at hand, the calculation would proceed as follows: $1,525 would be subtracted from $116,840 leaving a remainder of $115,315. From this remainder, the first trust deed would be subtracted leaving a balance of $50,981. The West Lien of $76,795 would then be subtracted from $50,981 leaving a

negative equity of $25,814. According to *Braddon*, the amount of the West Lien would be reduced by $25,814 leaving the Property subject to the West Lien in the amount of $50,981. My problem with this result is that the West Lien would be reduced by an amount ($25,814) significantly greater than the amount of the homestead exemption ($1,525). This is inconsistent with the plain meaning and intent of § 522(f)(1). In any event, *Braddon* does not support avoidance of the full amount of the West Lien as urged by debtor's counsel.

In *In re McMaster, supra*, the residential property was encumbered by senior mortgages aggregating approximately $43,000 followed by a judicial lien for approximately $14,379. The debtor claimed a homestead exemption of $7,500. The court stated that "It is apparent from the above figures that the judgment lien ... must be avoided in its entirety unless the property has a value greater than $50,530.39...." 55 B.R. at 379. Thus, *McMaster* supports the debtor's position.

In *In re Blevins, supra*, the residence had a value of $34,000. There was a first deed of trust and a judicial lien for approximately $26,959 and $3,294, respectively, on the property. The debtor claimed a homestead exemption of $7,500. The court held that the judicial lien was avoided in its entirety because there was no equity in the property above the deed of trust and exemption. This conclusion is consistent with *Braddon* which would likewise avoid the lien to the extent there was no equity in the property. But, unlike *Braddon*, the court in *Blevins* indicates that where the value of the lien is greater than the amount exempted, *the creditor is allowed to enforce its lien for the excess amount.* 53 B.R. at 75. This is consistent with my view that the language of § 522(f)(1) limits avoidance to the amount of the exemption.

The debtor asks this court to add the second, third and fourth trust deeds on the Property (approximately $50,000) to find that there is no equity in the Property and hold that the full amount of the West Lien

is avoidable in accordance with the *Braddon* and *McMaster* decisions. To support its position, the debtor cites *In re Losieniecki, supra.* In applying section 522(f)(1), the court in *Losieniecki* added consensual liens with a lower priority than the judicial liens to determine if there was equity in the property. The effect was to improve the position of the consensual lienholders. To this extent, *Losieniecki* supports debtor's position that the lower priority consensual liens should be included to determine the degree of impairment. If this were done in this case, there would only be $600 of equity and according to *Braddon* the West Lien would be avoided in its entirety less $600. On the other hand, *Losieniecki* also stands for the proposition that avoidance is limited to the amount of the exemption. As the court stated,

> Section 522(f)(1) gives the debtors the power to avoid judicial liens to the extent they impair the exemption; i.e., *to divest that amount of equity ownership from the lien holders in favor of the estate.*
> *Id.* at 138 (emphasis added)

In this regard, the *Losieniecki* decision is consistent with my view of § 522(f)(1).

Mr. West cites *In re Fiore*, 27 B.R. 48 (Bankr.Conn.1983); *In re Durham, supra;* and *In re Grosso, supra,* for the principle that consensual liens should not be given priority over previously existing judicial liens. In the *Grosso* case, the court reduced the amount by which a judicial lien was avoided under § 522(f)(1) by the amount of junior consensual liens on the property. 51 B.R. at 271. The basis for these holdings is the view that the debtor should not be in a position to "alter the order of payment among creditors claiming a lien interest, be it a judgment lien or a mortgage." *Id.* at 270.

Summing up the positions of the parties, the debtor contends that after the exemption and *all* the trust deeds on the Property are subtracted from the Property's value, only $600 is available to offset the West Lien. Therefore, the full amount of the West Lien is avoidable because there isn't sufficient equity in the Property to satisfy

it. On the other hand, Mr. West contends that the equity applicable to the West Lien is $50,981 ($116,840 minus $1,525 minus $64,334). Accordingly, the avoidable position of the West Lien is $25,814 ($76,795 minus $50,981). The basis for Mr. West's position is that the lower priority consensual liens should not be counted in determining equity and the degree of impairment.

I do not agree with either position. I would first determine if there is actual impairment of the homestead exemption by subtracting the aggregate amount of all liens on the Property ($191,510) from the Property's value ($116,840). Because there is a negative equity ($74,770) in the Property, the West Lien does impair the homestead exemption. My approach does not distinguish between consensual liens having different priorities. To that extent, I support the view of the *Losieniecki* court. I believe Congress intended to give the debtor a fresh start to the extent a judicial lien impairs an exemption even if it means reordering the priority of creditors. Just because the debtor has the power to affect secured creditors in this way is not sufficient reason to write into the provision a limitation which Congress did not see fit to express.

Having decided that the debtor's homestead exemption is impaired, the next step is to determine the degree of impairment and, accordingly, the amount by which the West Lien is avoided. Because the Property has a negative equity which exceeds the amount of the homestead exemption the full amount of the exemption is impaired.

I therefore conclude that pursuant to section 522(f)(1) the West Lien is avoided in the amount of $1,525.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.