**In re Thomas SANGLIER and Diane Sanglier, Debtors.**

**Bankruptcy No. 89–11154.**

United States Bankruptcy Court, E.D. Michigan, at Flint.

March 8, 1991.

512

Mark C. McCabe, Flint, Mich., for Debtors.

Lawrence J. Stockler, Southfield, Mich., for Lombardi Food Co.

## MEMORANDUM OPINION REGARDING DEBTORS' MOTION FOR ORDER AVOIDING JUDICIAL LIEN

ARTHUR J. SPECTOR, Bankruptcy Judge.

### FACTS

On February 16, 1989, Thomas and Diane Sanglier (Debtors) filed a voluntary petition for relief under chapter 7. In their schedules, the Debtors disclosed that they owned a home with a value of $51,000, subject to a mortgage of $36,000. The Debtors claimed a § 522(d)(1) exemption of $10,430 in the home.[1] Lombardi Food Company (Lombardi) filed a proof of secured claim in the amount of $33,830.18, to which no objection was filed. The Debtors received their discharge on June 2, 1989. On February 15, 1990, the trustee filed a no-asset report, and the case was closed on February 26, 1990. On motion of the Debtors, the case was reopened July 3, 1990, to permit the Debtors to seek to avoid Lombardi's $33,830.18 judicial lien pursuant to § 522(f)(1).[2]

### DISCUSSION

This is a core proceeding within the bankruptcy jurisdiction of the federal district court. 28 U.S.C. §§ 1334; 157(b)(2)(B), (K), (O).

---

1. The balance of the Debtors' available homestead exemption, $4,570, was carried over to § 522(d)(5) to exempt other property.

2. The Debtors also "moved" to avoid the lien as a preference under § 547. However, that motion will be denied without prejudice because such a request must be brought in an adversary proceeding. Bankruptcy Rule 7001(2).

■ Because exemptions are fixed as of the date a bankruptcy petition is filed, *In re Wickstrom*, 113 B.R. 339, 343, 22 C.B. C.2d 1367 (Bankr.W.D.Mich.1990); *In re Seyfert*, 97 B.R. 590, 592 (Bankr.S.D.Cal. 1989), the Debtors are correct in asserting that the value of their residence on that date is the appropriate inquiry for purposes of determining the extent to which their right of exemption is impaired by Lombardi's lien. *See In re Dixon*, 885 F.2d 327, 328 (6th Cir.1989) (parties in a § 522(f) action stipulated to the value of the debtors' residence as of the petition date).

■ Lombardi did not dispute the Debtors' contention that the value of the Debtors' home on the date they filed their petition was $51,000, and we so find. Lombardi also did not question the Debtors' claim that the property was subject to a $36,000 mortgage on the date of the petition, and we therefore conclude that the equity which would otherwise be available to the Debtors for exemption is $15,000.[3] Since Lombardi's lien exceeds the Debtors' equity, the $10,430 exemption which the Debtors seek to claim is fully impaired, and the Debtors are accordingly entitled to an order setting aside Lombardi's lien to that extent. Lombardi acknowledged that its lien is subject to avoidance in the amount of $10,430. The parties differ, however, as to the practical consequences of the avoidance of lien.

At the hearing, the Debtors argued that Lombardi's lien remains valid as to only $4,570. They came to this conclusion based on the following arithmetic:

| | | |
|---|---|---|
| Value of home | = | $51,000 |
| Mortgage | = | (36,000) |
| Equity | = | $15,000 |
| Amount by which exemption is impaired | = | ($10,430)[4] |
| Valid Lien | = | $ 4,570 |

In seeking a determination that Lombardi's lien is limited to $4,570, of course, the Debtors' objective is to preclude Lombardi from recovering any increased equity which will be built up as the Debtors pay off the mortgage and/or the value of the property increases.

■■ Not surprisingly, Lombardi resisted the Debtors' contention that its lien was so limited. It argued that § 522 does not authorize the avoidance of any portion of a judicial lien to the extent it exceeds the amount by which the Debtors' exemption is impaired.[5] According to Lombardi, the appropriate computation is as follows:

| | | |
|---|---|---|
| Lien | = | $33,830.18 |
| Amount by which exemption is impaired | = | (10,430.00) |
| Valid Lien | = | $23,400.18 |

For the reasons which follow, we agree with Lombardi.

3. In their post-hearing brief, the Debtors argued that their equity in the home was $10,430, rather than $15,000. But the Debtors did not raise this argument at hearing; indeed, the Debtors' counsel implicitly acknowledged that they had $15,000 equity in the property. *See* pp. 12–14 and 17–18 of hearing transcript. A concession or a stipulation of fact made by counsel in open court is considered a judicial admission. *Berlin v. The Celotex Corp.*, 912 F.2d 465 (6th Cir.1990) (unpublished) (LEXIS 15313 Genfed Library, U.S.App. file); *In re Herrera*, 23 B.R. 796, 10 B.C.D. 79 (9th Cir.BAP 1982). Such an admission binds the party making it. *Berlin; Herrera; see also Ahghazali v. Secretary of Health and Human Services*, 867 F.2d 921 (6th Cir.1989); *Ferguson v. Neighborhood Housing Services*, 780 F.2d 549 (6th Cir.1986); *United States ex rel. Reilly v. New England Teamsters and Trucking Indus. Pension Fund*, 737 F.2d 1274 (2d Cir. 1984); *A. Duda & Sons Coop. Ass'n v. United States*, 504 F.2d 970 (5th Cir.1974). We therefore conclude that the Debtors are precluded

from taking a contrary position regarding the extent of their equity. At any rate, the question of whether the Debtors' equity in their residence was only $10,430, rather than $15,000, is moot in light of our disposition of the issue before us.

4. As previously noted, the Debtors chose not to use the full $15,000 exemption available to them under § 522(d)(1).

5. Lombardi also argued in its post-hearing brief that this case should not have been reopened. Because this argument was not made at the hearing, we decline to consider it. *Cf. Department of Educ., State of Hawaii v. Bell*, 770 F.2d 1409, 1419–20 n. 7 (9th Cir.1985); *United States v. Luther*, 521 F.2d 408, 411 (9th Cir.1975). We note, however, that many courts have held that it is appropriate to reopen a case under these circumstances. *See* 3 *Collier on Bankruptcy*, ¶ 522.29, at 522–90 n.a (15th ed. 1990) (collecting cases).

In deciding this issue, the appropriate starting point is of course the statute itself. *See United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Section 522(f)(1) states that a judicial lien may be avoided *"to the extent that* such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f) (emphasis added). The limiting language necessarily implies that, to the extent that a judicial lien does *not* impair a debtor's exemption, there is no avoidance.

A good number of courts and a major treatise have so interpreted this provision. *See In re Alu*, 41 B.R. 955, 957–58, 11 C.B.C.2d 1458 (E.D.N.Y.1984); *In re Chabot*, 100 B.R. 18, 20–21, 19 B.C.D. 332 (Bankr.C.D.Cal.1989) (Russell, J.); *In re Hermansen*, 84 B.R. 729, 732, 18 C.B.C.2d 952 (Bankr.D.Colo.1988); *In re West*, 68 B.R. 647, 648–49 (Bankr.C.D.Cal.1986) (Ryan, J.); *In re Carney*, 47 B.R. 296, 299 (Bankr.D.Mass.1985); *In re Duncan*, 43 B.R. 833, 840, 12 B.C.D. 685, 11 C.B.C.2d 677 (Bankr.D.Alaska 1984); *In re Fitzgerald*, 29 B.R. 41, 43, 10 B.C.D. 531 (Bankr.E.D.Va.1983), *vacated and remanded on other grounds*, 729 F.2d 306 (4th Cir.1984); *In re Cohen*, 13 B.R. 350, 355–57, 7 B.C.D. 1399 (Bankr.E.D.N.Y.1981); 3 *Collier on Bankruptcy*, ¶ 522.29, at 522–90 (15th ed. 1990) ("When the debtor avoids the fixing of a lien [under] section 522(f) . . ., the lien is avoided only to the extent of the exemption, and the value of the lien that exceeds the amount that is exempted may still be enforced by the creditor.") This conclusion represents a logical extension of the holding by many courts to the effect that lien avoidance under § 522(f) is not available to a debtor with no equity in the property (i.e., with no interest in the property above and

beyond the sum of unavoidable liens). *See In re Gaylor*, 123 B.R. 236, 21 B.C.D. 421 (Bankr.E.D.Mich.1991) (collecting cases.) [6]

In support of their argument to the contrary, the Debtors cited *In re Blevins*, 53 B.R. 74 (Bankr.W.D.Va.1985). *Blevins* held that, because the debtors had no equity in their residence above and beyond their allowable exemption, the judicial lien on the property was entirely avoided under § 522. The court reasoned that to hold otherwise would allow the lienholder to benefit from "after-acquired property" (i.e., the debtors' post-position equity build-up), a result which the court apparently believed would be contrary to §§ 551 and 552 of the Code. 53 B.R. at 75. In support of its holding, the court cited *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) and 4 *Collier on Bankruptcy*, ¶ 552.01 (15th ed.) We do not believe, however, that the foregoing authorities or Code sections justify any such conclusion.

Section 551 provides that a transfer avoided under § 522 or certain other specified Code provisions "is preserved for the benefit of the estate"; it does not purport to define the *extent* to which such a transfer may be avoided. Although § 552 provides generally that pre-petition liens are ineffective against property acquired post-petition, that section applies only to consensual liens; it simply does not speak to the post-petition validity of involuntary liens.[7]

*Blevins'* reliance on *Hunt* is also misplaced. That case involved a voluntary wage assignment and was decided under the Bankruptcy Act of 1898, which contained no provision comparable to § 522(f) of the Code. We therefore find *Blevins* to be unpersuasive.

Although not cited by the Debtors, there are several other cases which support their

---

**6.** Some courts have held that a debtor need not have equity in his property in order to avail himself of § 522(f). *See, e.g., In re Gunter*, 100 B.R. 311, 314 (Bankr.E.D.Va.1989); *In re Berrong*, 53 B.R. 640, 643, 13 C.B.C.2d 669 (Bankr. D.Colo.1985); *In re Henninger*, 53 B.R. 60, 61, 13 C.B.C.2d 609 (Bankr.W.D.N.Y.1985); *In re Chesanow*, 25 B.R. 228, 230 (Bankr.D.Conn.1982). For the same reasons discussed in *Gaylor* in the context of exemptions under § 522(d), however, we believe that this conclusion is incorrect.

**7.** Rather than supporting the conclusion reached by *Blevins*, the paragraph which the court cited from *Colliers* emphasizes that the scope of § 552(a) "is confined to consensual liens and does not extend to nonconsensual or statutory interests." 4 *Collier on Bankruptcy*, ¶ 552.01, at 552–3–4 (15th ed. 1990). As previously noted, *Collier* endorses an interpretation of § 522(f) which, consistent with the language of the statute, would limit lien avoidance to the amount by which it impairs an exemption.

position. *See, e.g., In re Galvan,* 110 B.R. 446, 22 C.B.C.2d 605 (9th Cir.BAP 1990); *In re Braddon,* 57 B.R. 677 (Bankr.W.D.N.Y.1986); *In re Princiotta,* 49 B.R. 447 (Bankr.D.Mass.1985); *In re Sajkowski,* 49 B.R. 37 (Bankr.D.R.I.1985); *In re Dewyer,* 11 B.R. 551 (Bankr.W.D.Pa.1981). In holding that a judicial lien which exceeds the amount by which it impairs an exemption may be entirely set aside under § 522(f), however, the only "rationale" offered by any of these decisions is the need to facilitate the debtor's "fresh start." *Galvan,* 110 B.R. at 451; *Braddon,* 57 B.R. at 679. Suffice to say, we do not believe that this "debtor takes all" reasoning constitutes sufficient justification for ignoring the express limitations set forth in § 522(f).[8] In essence, these cases have engrafted a § 506-style lien avoidance option onto § 522(f),[9] a result which is completely at odds with the language of the statute. As with *Blevins,* then, we find these cases to be unpersuasive.

For the reasons stated, we hold that § 522(f)(1) does not permit a debtor to void a judicial lien to the extent it exceeds the amount by which a debtor's otherwise available exemption is impaired. Lombardi's lien is therefore voided by § 522(f)(1) only in the amount of $10,430. It remains valid and enforceable to the extent it secures indebtedness in excess of that amount.[10] An appropriate order will enter.

---

**8.** In addition to being conclusory, the "fresh start" argument poses another problem when applied in this context. As previously noted, a debtor can take advantage of § 522(f) only if he has equity in his property which would otherwise be available for exemption. If the reasoning of *Galvan* and *Braddon* is correct, then, it would appear that Congress elected to confer a "fresh start" under § 522(f) only on those individuals least in need of one.

**9.** Under § 506(d), a lien may generally be avoided to the extent it is unsecured. The Debtors did not specifically rely on § 506 in seeking a determination as to the validity of Lombardi's lien, but such an argument would in any event have been unavailing under these circum-

stances. See *In re Gaylor,* 123 B.R. 236, 21 B.C.D. 421 (Bankr.E.D.Mich.1991) (where this Court held that "stripdown" relief under § 506 for the debtor's sole benefit is unavailable in chapter 7). Consequently, the Debtors' only statutory basis for lien avoidance in this matter is § 522(f)(1).

**10.** Of course, the Debtors' personal indebtedness to Lombardi has been discharged. Lombardi's only recourse in collecting its debt is against the property itself. Lombardi can recover proceeds from the sale of the premises only to the extent they exceed the sum of the mortgage and the Debtors' $10,430 exemption (to a maximum of Lombardi's total claim, less $10,430).