In re Michael J. DEROCHA, Debtor.

No. 13–10070.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 14, 2014.

Alfred R. Rego, Jr., Rego & Rego, Bristol, RI, for Debtor.

**DECISION AND ORDER ON AVOIDANCE OF MULTIPLE JUDICIAL LIENS (this relates to Doc. ## 20, 22, 24)**

DIANE FINKLE, Bankruptcy Judge.

The matters before the Court are three separate unopposed motions to avoid judicial liens (collectively, the "Motions") filed by the Debtor Michael J. Derocha, which fail to comply with the requirements of Bankruptcy Code § 522(f)(2)(A) and (B)[1] and this Court's corresponding Local Rule 4003–2. While the Court ordinarily would issue a brief order directing the Debtor to file amended conforming motions, the Court has observed confusion among debtors' counsel regarding the proper mathematical calculation to apply under these provisions when seeking to avoid multiple judicial liens against the same property. This Decision is being issued in the hope that it will eliminate such confusion, and notwithstanding the fact that the outcome with respect to these particular Motions is not altered when the proper calculations are performed. The Debtor is entitled to avoid each of the judicial liens identified in the Motions because they impair his exemption in the subject property.

## I. FACTS

The Debtor filed a Chapter 7 petition on January 10, 2013. On Schedule A—Real Property, the Debtor listed his fee simple interest in real property located at 43 Terrace Drive, Bristol, Rhode Island, the Debtor's primary residence, with a value of $400,000.00 (the "Property"). On Schedule C—Property Claimed as Exempt, the Debtor claimed an exemption in the Property pursuant to R.I. Gen. Laws § 9–26–4.1 in the amount of $23,950.00. On

---

1. Unless otherwise indicated, all references to the "Bankruptcy Code," or a provision there refer to Title of 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

Schedule D—Creditors Holding Secured Claims, the Debtor listed a first mortgage held by Chase Manhattan Mortgage Corp. ("Chase Corp.") in the amount of $133,000.00, a second mortgage held by Chase Manhattan Bank USA ("Chase Bank") in the amount of $179,000.00, and a third mortgage held by Rhode Island Housing & Mortgage Finance Corporation ("RIHMFC") in the amount of $25,000.00. In the aggregate, the mortgage indebtedness against the Property as scheduled by the Debtor is $337,000.00.[2]

On December 17, 2013, the Debtor filed his Motions seeking to avoid judicial liens held by Anesthesiologist, Inc. in the amount of $647.63 (Doc. # 20), Citibank in the amount of $6,975.33 (Doc. # 22), and Discover Bank in the amount of $13,762.00 (Doc. # 24). The Motions provide information relating to the establishment of each judicial lien, the identity and address of each judicial lienholder, and the exemption the Debtor claims in the Property under Rhode Island law. The Motions also include incorrect calculations of the extent to which the Debtor's exemption is impaired by these judicial liens.[3]

## II. DISCUSSION

"Pursuant to 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien 'on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled.'" *In re Kology*, 499 B.R. 20, 40 (Bankr. D. Mass. 2013).[4] This Court's Local Rule 4003–2(a) sets forth the specific information that must be included in any motion to avoid a judicial lien so the Court can properly evaluate the motion. It provides:

> (a) **Content of Motion.** A motion to avoid a lien pursuant to 11 U.S.C. § 522(f), other than one contained in a Chapter 13 plan, shall:
>
> (1) identify the holder of the judicial lien sought to be avoided;
>
> (2) state the principal amount of the lien as of the date of the filing of the bankruptcy petition, and the date the lien was obtained;
>
> (3) identify the property against which the lien is fixed, and the value of the debtor's interest in the property;
>
> (4) identify the holders of all other liens against the property, listing them in order of their priority, and state the amount of each such lien and the total amount of all liens against the property;

---

**2.** In the Motions, however, the Debtor states the amount of Chase Bank's mortgage is $165,700.00, which decreases the total mortgage indebtedness to $323,700.00. *See* Lien Chart, *infra*.

**3.** With respect to the motions to avoid the judicial liens of Anesthesiologist, Inc. and Discover Bank, the Debtor simply duplicated the calculation of the exemption impairment from the motion to avoid the lien of Citibank and inadvertently copied into these motions the entirety of the final two pages from the Citibank lien avoidance motion without altering the name of the lien holders. The final paragraph in each of these motions states: "WHEREFORE, the Debtors pray that the judicial liens of Citibank ... be avoided and removed...." Doc. # # 20, 22, 24.

**4.** The provisions of § 522(f)(1) relevant to the present case provide:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of the kind that is specified in section 523(a)(5); ....

(5) state whether debtor(s) previously avoided a lien against the property;

(6) state whether the debtor(s) elected exemptions under 11 U.S.C. § 522(b)(2) or 11 U.S.C. § 522(b)(3);

(7) identify the applicable statutory provision for the exemption claimed and the amount of the exemption that is allegedly impaired by the liens sought to be avoided;

(8) provide the calculation under the formula set forth in 11 U.S.C. § 522(f)(2)(A); and

(9) state whether the entire lien is voidable, or if the lien can only be partially avoided, the amount of the surviving lien.

R.I. LBR 4003–2(a). In the present case, the Motions do not comply with the provisions of R.I. LBR 4003–2(a)(4),(6), and (8), and the calculations provided do not conform to the formula set forth in § 522(f)(2)(A) and (B).

### A. Aggregate of Liens and Their Priority

A lien avoidance motion must "identify the holders of all other liens against the property, listing them in order of their priority, and state the amount of each such lien and the total amount of all liens against the property." R.I. LBR 4003–2(a)(4). The first difficulty with the Motions is that the Debtor states in each motion that the mortgage held by Chase Bank is a first mortgage in the amount of $165,700.00 and the mortgage held by Chase Corp. is a second mortgage in the amount of $133,000.00. However, this is inconsistent with the Debtor's representations on Schedule D regarding the priority of these mortgages. Additionally, with respect to the judicial liens, the Debtor did not perform the lien avoidance calculations in order of the priority of these liens under applicable non-bankruptcy law.[5] The Court can nevertheless proceed with a determination on the merits because the priority of these liens against the Property does not in this particular situation affect the outcome of the analysis. The Debtor also failed to correctly state the total amount of all liens against the Property. Relying on the amount of each lien as described in the Motions, the chart below identifies all of the mortgages and judicial liens against the Property and their amounts in the order listed by the Debtor and not necessarily their actual priority under applicable law.

| Lien Holder | Description | Date Recorded | Amount |
| --- | --- | --- | --- |
| Chase Bank | First/Second Mortgage | 02/13/2004 | $165,700.00 |
| Chase Corp. | First/Second Mortgage | 02/13/2004 | $133,000.00 |
| RIHMFC | Third Mortgage | 08/01/2012 | $ 25,000.00 |
| Anesthesiologist, Inc. | Judicial Lien | 12/08/2010 | $ 647.63 |
| Discover Bank | Judicial Lien | 12/30/2010 | $ 13,762.00 |
| Citibank | Judicial Lien | 01/11/2011 | $ 6,975.33 |
| **TOTAL** | | | **$345,084.96** |

**5.** The Debtor does not seek to avoid the liens in the ascending order of their priority under Rhode Island law as determined by the date of recording. Rather, the Debtor seeks to first avoid the judicial lien in the most senior position, followed by the judicial lien in the most junior position, followed by the judicial lien in the middle position. Some courts have held that the most junior judicial liens should be avoided first. *See Bank of America Nat'l Trust Savings Ass'n v. Hanger (In re Hanger)*, 217 B.R. 592, 595 (9th Cir. BAP 1997), *aff'd* 196 F.3d 1292 (9th Cir.1999); *In re Heaney*, 453 B.R. 42, 48 (Bankr.E.D.N.Y.

## B. Statement of Exemption Election

Turning to R.I. LBR 4003–2(a)(6), the Motions should have indicated whether the Debtor elected his exemptions under § 522(b)(2)[6] or 522(b)(3).[7] The Motions are silent on the exemption election, but it is obvious that the Debtor has elected exemptions under § 522(b)(3) because he claimed an exemption in the Property pursuant to R.I. Gen. Laws § 9–26–4.1(a), the Rhode Island homestead exemption statute.

## C. Calculation of the Exemption Impairment

The Court has observed that complying with R.I. LBR 4003–2(a)(8) presents the most frequent challenge for debtors' counsel when avoidance of multiple judicial liens against the same property is involved. This subsection requires that the motion include the mathematical calculation set forth in § 522(f)(2)(A), which in turn applies the following computation to determine whether a debtor's exemption is impaired and the lien avoidable:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). In his Motions, the Debtor utilizes an exemption amount that is substantially less than the full amount of the exemption to which he is entitled to claim under the state homestead statute, which authorizes an exemption of up to $500,000.00 in the Property. *See* R.I. Gen. Laws § 9–26–4.1(a). It is clear under subsection (iii) that the calculations in the Motions should have used the sum of $500,000.00 as "the amount of the exemption that the debtor *could* claim if there were no liens on the property." § 522(f)(2)(A)(iii) (emphasis added). Addressing the issue of exemptions in the context of judicial lien avoidance, the Supreme Court explained:

> [t]o determine the application of § 522(f) [it is the uniform practice of bankruptcy courts to] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself.
>
> As the preceding italicized words suggest, this reason is more consonant with the text of § 522(f)—which establishes the baseline, against which impairment is to be measured, not an exemption to which the debtor "*is* entitled," but one to which he "*would have been* entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality.

*Owen v. Owen*, 500 U.S. 305, 310–311, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *see also In re Kology*, 499 B.R. at 41–42 (utilizing the full amount of the exemption available under the Massachusetts homestead statute even though the actual value of the property was far less).

---

2011); *In re Dolan*, 230 B.R. 642, 647 (Bankr. D.Conn.1999).

**6.** With some exceptions, the available federal exemptions under § 522(d).

**7.** With some limitations, the available exemptions under applicable federal law other than § 522(d), state law, or local law.

Additionally, the Bankruptcy Code provides that "[i]n the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens." 11 U.S.C. § 522(f)(2)(B). Thus, a debtor must perform a separate calculation under § 522(f)(2)(A) for each judicial lien that a debtor seeks to avoid. It is insufficient to attempt to avoid all liens in one calculation or to use the identical calculation in separate motions seeking to avoid other judicial liens against the same property as the Debtor has done in his Motions.

### D. Summary of the Lien Avoidance Calculation

The following is a summary of the mathematical formula that must be applied to determine whether a judicial lien against property of a debtor, or with regard to multiple liens against the property the first of such liens, is voidable under § 522(f).

*Add:*

1. The amount of the lien to be avoided;

2. The total of all other liens against the property (including mortgages and all judicial and statutory liens such as tax liens); and

3. The total amount of the exemption that the debtor could claim under applicable law (depending on whether the debtor elects the federal exemptions under § 522(b)(2) or other applicable exemptions pursuant to § 522(b)(3)).

*From This Resulting Sum:*

Subtract the value of the debtor's interest in the property (for example, if owned in fee simple, then the full market value of the property, or if partial ownership, then the value of the debt-or's fractional interest in relation to the full market value of the property).

*The Exemption Impairment:*

The final figure derived from this calculation constitutes the impairment of the debtor's exemption, and if this figure exceeds the amount of the lien sought to be avoided, then the criteria of § 522(f) have been satisfied and the lien can be avoided in full. If the figure does not exceed the amount of the lien, the lien might still be partially avoidable depending on the math, but only up to the amount of the impairment.

*Multiple Lien Avoidance:*

The only difference in this analysis for avoidance of multiple liens against the property is that each time the formula is applied after having been performed for *one* of multiple liens against the property, and assuming that lien can be avoided, then the amount of this lien and each such subsequently "avoided" lien is omitted from the each subsequent calculation to be applied to other liens sought to be avoided.

### E. Application of the Formula to the Debtor's Property

Under the Debtor's circumstances, there are several ways in which the Debtor could have complied with § 522(f)(2)(A) and (B), the simplest of which would have been to file one motion seeking to avoid all three liens, providing *separate* calculations for each lien sought to be avoided, and omitting from each calculation subsequent to the first all liens determined in the preceding calculations to be avoidable. This Court interprets the language "a lien that has been avoided" contained in § 522(f)(2)(B) to include multiple liens a debtor seeks to avoid, either in a single motion or in separate motions filed with

respect to the same property regardless of when they are filed. Here, the Debtor filed the Motions on the same day, so the Debtor could have performed the initial calculation for the lien of Anesthesiologist, Inc. (the first filed motion), followed by the calculation for the lien of Citibank (excluding from such calculation the lien of Anesthesiologist, Inc.), followed by the calculation for the lien of Discover Bank (excluding from such calculation the liens of both Anesthesiologist, Inc. and Citibank). Therefore, it is in this order that the Court will apply the correct formula in accordance with § 522(f)(2)(A) and (B) to each of these liens.

We start with the lien of Anesthesiologist, Inc. The proper calculation is:

|   | $    647.63 | (the amount of Anesthesiologist, Inc.'s lien) |
|---|---|---|
| + | $344,437.33 | (the subtotal of all other liens against the Property, including judicial liens) |
| + | $500,000.00 | (the full amount of the homestead exemption) |
|   | $845,084.96; | |
|   | | (the value of the fee simple interest of the Debtor in the |
| − | $400,000.00 | Property in the absence of all liens against the Property) |
| = | $445,084.96. | |

This final figure represents the amount of the impairment of the Debtor's exemption in the Property, and because it exceeds the amount of Anesthesiologist, Inc.'s judicial lien, the Debtor may avoid this lien in its entirety.

Turning next to Citibank's lien, the lien of Anesthesiologist, Inc. must be deemed already avoided for purposes of the analysis and excluded from the calculation. The correct calculation is:

|   | $  6,975.33 | (the amount of Citibank's lien) |
|---|---|---|
| + | $337,462.00 | (the subtotal of all remaining liens against the Property, including judicial liens not yet avoided) |
| + | $500,000.00 | |
| = | $844,437.33; | |
| − | $400,000.00 | |
| = | $444,437.33. | |

This sum also exceeds the amount of Citibank's lien and the Debtor may avoid this lien in its entirety.

Lastly, as to Discover Bank's lien, and omitting the now-avoided liens of Anesthesiologist, Inc. and Citibank from the calculation, the correct calculation is:

|   | $ 13,762.00 | (the amount of Discover Bank's lien) |
|---|---|---|
| + | $323,700.00 | (the subtotal of all remaining liens against the Property, here the mortgages) |
| + | $500,000.00 | |
| = | $837,462.00; | |
| − | $400,000.00 | |
| = | $437,462.00. | |

Similarly, the resulting exemption impairment amount is greater than Discover Bank's lien, and the Debtor is entitled to avoid this lien in its entirety.

## III. CONCLUSION

The Debtor's Motions to avoid the judicial liens of Anesthesiologist, Inc. (Doc. # 20), Citibank (Doc. # 22), and Discover Bank (Doc. # 24) are GRANTED.