FILED

MAR 27 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )      BAP No.   NC-16-1071-KuBS
                                    )
RICHARD CHIU,                       )      Bk. No.   4:13-bk-43677
                                    )
                Debtor.             )
_____)
                                    )
MIKE ROSEN,                         )
                                    )
                Appellant,          )
                                    )
v.                                  )      **MEMORANDUM**[*]
                                    )
RICHARD CHIU,                       )
                                    )
                Appellee.           )
_____)

Submitted Without Oral Argument
on January 19, 2017[**]

Filed – March 27, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

Appearances:     Lawrence D. Miller on brief for appellant Mike
                 Rosen; Ruth Elin Auerbach on brief for appellee
                 Richard Chiu.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]Oral argument was set for January 19, 2017 in San Francisco, California, but appellant Rosen did not appear.  With the assent of appellee Richard Chiu, the Panel took the matter under submission without oral argument.

Before: KURTZ, BRAND and SPRAKER,[***] Bankruptcy Judges.

## INTRODUCTION

Creditor Mike Rosen appeals from an order under § 522(f)(1)[1] partially avoiding his judgment lien to the extent it impaired chapter 7 debtor Richard Chiu's homestead exemption. According to the bankruptcy court, there was insufficient equity (in excess of Chiu's homestead exemption) to fully secure Rosen's lien. Therefore, the bankruptcy court avoided all but $57,468.00 of Rosen's lien. The bankruptcy court also rejected Rosen's argument that he should be allowed to retain the full amount of his $872,304.95 lien, at least for purposes of permitting the lien to attach to any postpetition appreciation in the value of the exempt property. The bankruptcy court held that the Bankruptcy Reform Act of 1994, Pub.L. 103-394, 108 Stat. 4106, amended § 522(f) to clarify that any postpetition appreciation in the value of the exempt property should inure to the benefit of the estate and/or the debtor and not to the benefit of the judgment lien creditor.

We agree with the bankruptcy court's holding, so we AFFIRM.

## FACTS

The relevant facts are undisputed. Chiu claimed a $100,000.00 homestead exemption in his residence on Winant Way in Alameda, California. At the time of his bankruptcy filing in

[***]Hon. Gary A. Spraker, Chief United States Bankruptcy Judge for the District of Alaska, sitting by designation.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

June 2013, Chiu's residence had a fair market value of $750,000.00 and was encumbered by a $592,532.00 first deed of trust. As for nonconsensual liens, Rosen was the successor in interest to a judgment lien in favor of Spondulix Company, Inc. and against Chiu in the amount of $872,304.95. A junior judgment lien was held by First American Title Insurance Company's successor in interest Patrick MacIntyre in the amount of $200,000.00.

Pursuant to § 522(f)(1), Chiu moved to avoid both judgment liens because they impaired his homestead exemption. The parties agreed to resolve the lien avoidance issue by motion rather than adversary proceeding and further agreed that there was no factual dispute for the court to decide affecting the application of § 522(f)(1). In addition, no one timely objected to Chiu's exemption claim, so the exemption claim was allowed in full.

After full briefing and multiple hearings, the bankruptcy court concluded that Rosen's judgment lien could be avoided under § 522(f)(1), except for $57,468.00 of that lien, which amount did not impair Chiu's homestead exemption under the mathematical formula for determining impairment set forth in § 522(f)(2). Even though the amount of the lien exceeding $57,468.00 impaired Chiu's homestead exemption under the plain language of § 522(f)(2), Rosen argued that the full amount of his lien could not be stripped down or avoided in a manner that would deprive him of the right to have the full amount attach to any postpetition appreciation in the value of Chiu's residence.

The bankruptcy court disagreed, citing to the text of the statute and to the legislative history accompanying the 1994

3

Bankruptcy Code amendments, which added to § 522(f) the statutory definition of impairment. The bankruptcy court held that Congress added that definition, in part, to clarify that any postpetition appreciation in the value of exempt property should inure to the benefit of the estate and/or the debtor and not to the benefit of a judgment lien creditor whose lien had been partially or wholly avoided under § 522(f)(1).

The bankruptcy court entered an order avoiding all but $57,468.00 of Rosen's judgment lien, and Rosen timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(K), and we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court correctly construe and apply § 522(f) in holding that all but $57,468.00 of Rosen's judgment lien impaired Chiu's homestead exemption and thus should be avoided?

## STANDARDS OF REVIEW

The construction and application of § 522(f) are questions of law which we review de novo. Culver, LLC v. Chiu (In re Chiu), 266 B.R. 743, 747 (9th Cir. BAP 2001), aff'd, 304 F.3d 905 (9th Cir. 2002) (citing Katz v. Pike (In re Pike), 243 B.R. 66, 69 (9th Cir. BAP 1999)).

## DISCUSSION

Under § 522(f)(1), the debtor may avoid a judgment lien against his or her property "to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . ."

4

Prior to the 1994 Bankruptcy Code amendments, the Code did not define what it meant by impairment, so that term was defined by the courts with varying results. See Hanger v. Bank of Am. Nat'l Trust & Sav. Ass'n (In re Hanger), 196 F.3d 1292 (9th Cir. 1999), aff'g & adopting, 217 B.R. 592, 596 (9th Cir. BAP 1997). In the Ninth Circuit, the definition of impairment for purposes of § 522(f) was controlled by City National Bank v. Chabot (In re Chabot), 992 F.2d 891 (9th Cir. 1993). In Chabot, the Ninth Circuit specifically rejected the Chabots' broad construction of the term "impair" which would have resulted in the avoidance of any unsecured portion of the judgment creditor's lien so as to ensure that any postpetition appreciation would inure to the benefit of the debtor or the bankruptcy estate. Id. at 894-95. Instead, Chabot held that the plain and common sense meaning of the term "impair" necessarily precluded debtors from avoiding judgment liens over and above the exemption amount. Id. at 895.

Rosen argues that the 1994 Bankruptcy Code amendments to § 522(f) did not overrule the portion of Chabot construing impairment narrowly and that § 522(f)(2)'s impairment definition should not be interpreted in a manner that prevents the full amount of his lien from attaching to any postpetition appreciation on Chiu's residence. We disagree. In Hanger, the Hangers owned a home worth $270,000.00 and claimed a $75,000.00 exemption. In re Hanger, 217 B.R. at 593. The home was subject to a first-priority consensual lien of $158,000.00 and also was subject to three judicial liens in the following order of priority: (1) a $3,817.00 judicial lien in favor of Pacific

5

Alternator; (2) a $92,565.00 judicial lien in favor of Bank of America; and (3) a $32,843.00 judicial lien in favor of Wells Fargo Bank. Id. The Hangers moved to avoid the judicial liens to the extent they impaired their homestead exemption. Id. Over Bank of America's objection, the bankruptcy court determined that there was insufficient equity (over and above the Hangers' exemption) to fully secure Bank of America's judicial lien and that the 1994 Bankruptcy Code amendments dictated that a judicial lien should be disallowed in its entirety if any portion of that lien impaired the debtors' exemption. Id. at 594. Therefore, because Bank of America's lien was partially unsecured and Wells Fargo's lien was wholly unsecured, the bankruptcy court entered orders avoiding both of these liens in their entirety.

On appeal, this Panel reversed. The Hanger Panel pointed out that the impairment definition added in 1994 to § 522(f) sets forth a mathematical formula for determining whether a judgment lien impairs the debtor's exemption. Id. at 594-95. More specifically, a judgment lien impairs the exemption to the extent that the sum of that lien, all other liens on the exempt property, and the amount of the applicable exemption, exceed the value of the property. § 522(f)(2)(A). The Hanger court also pointed out that the Wells Fargo lien, which was junior to Bank of America's lien and wholly avoidable under § 522(f)(2)(A)'s formula, should be omitted from the impairment calculation with respect to Bank of America's lien, pursuant to § 522(f)(2)(B). Id. at 595.

Omitting the Wells Fargo lien from the calculation, Hanger determined that only $59,382.00 of Bank of America's $92,565.00

6

lien impaired the Hangers' exemption and that the remaining amount of Bank of America's lien ($33,183.00) was not avoidable under § 522(f)(1). Id. at 595. According to Hanger, the $33,183.00 constituted equity (in excess of the amount of the Hangers' exemption) that was available to secure Bank of America's lien without impairing or adversely impacting the exemption. Id. at 595-97.

In so holding, however, Hanger specified that, to the extent equity (in excess of the amount of the Hangers' exemption) did not exist at the time of the bankruptcy filing, the lien impaired the exemption, could be avoided under § 522(f)(1), and any postpetition appreciation would be preserved for the debtors or the estate free and clear of the avoided lien. As Hanger explained, when Congress drafted the 1994 amendments:

> Congress was concerned because the Chabot holding meant that any postpetition appreciation would go to the benefit of the lienholder whose partial lien remained on the property, even if the debtor had to use his exempt interest to make the mortgage payments. The new formula would protect the debtor's interest in any appreciation because it would not allow a lien to remain when there was no equity, but hypothetically there would be equity in the absence of the liens. Therefore, one need only apply the new formula to obtain Congress' desired result.

Id. at 597 (citations omitted); see also id. at 596 (stating that the 1994 amendment "is more favorable for debtors by allowing them the full benefit of the exemption and the benefit of any post-avoidance appreciation in the value of the property."); id. at 597 (citing Hastings v. Holmes (In re Hastings), 185 B.R. 811, 814 n.3 (9th Cir. BAP 1995), and stating that the 1994 amendment overruled Chabot and "entitles the debtor to avoid a judgment

7

lien in cases where equity has not yet accrued.").[2]

The Court of Appeals affirmed and adopted the Panel's decision. <u>Hanger v. Bank of Am. Nat'l Trust & Sav. Ass'n (In re Hanger)</u>, 196 F.3d 1292 (9th Cir. 1999). By doing so, the Panel's decision became binding Ninth Circuit precedent. <u>See</u> <u>Gardenhire v. I.R.S. (In re Gardenhire)</u>, 209 F.3d 1145, 1148 (9th Cir. 2000); <u>IRS v. Osborne (In re Osborne)</u>, 76 F.3d 306, 310 (9th Cir. 1996). This Panel previously has recognized that <u>Hanger</u> is the law of the circuit. <u>All Points Cap. Corp. v. Meyer (In re Meyer)</u>, 373 B.R. 84, 87 (9th Cir. BAP 2007).

None of the cases that Rosen relies upon dictate a different result. Most of them are not on point and none of them trump <u>Hanger</u>'s pronouncement that, as a result of the 1994 amendments to § 522(f), any unsecured portion of a judgment lien can be avoided under the statute to ensure that any postpetition appreciation inures to benefit of the estate or the debtor.

### CONCLUSION

For the reasons set forth above, the bankruptcy court's order avoiding all but $57,468.00 of Rosen's judgment lien is AFFIRMED.

---

[2] These last two quotes from <u>Hanger</u> arguably suggest that equity (in excess of the debtor's exemption) should be measured at the time avoidance is sought. But the blocked quote, above, correctly focuses on "postpetition appreciation" and not on "post-avoidance appreciation." For purposes of applying § 522(f), the property value and the lien amounts as they existed on the bankruptcy petition date control. <u>Mbaba v. Clark Fergus & Assocs. (In re Mbaba)</u>, 2006 WL 6810948, at *5 (9th Cir. BAP 2006); <u>In re Salanoa</u>, 263 B.R. 120, 123 (Bankr. S.D. Cal. 2001).